UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

#29

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS IN PART Defendants' motion for attorneys' fees and costs.**

Before the Court is a motion for attorneys' fees and costs filed by Defendants Intuitive Surgical, Inc.; Intuitive Surgical Operations, Inc.; and Intuitive Surgical Holdings, LLC ("Defendants"). *See generally* Dkt. # 29 ("*Mot.*"). Plaintiff Victoria Barzilli ("Plaintiff") filed an untimely opposition. *See generally* Dkt. # 30 ("*Opp.*"). Defendants replied. *See generally* Dkt. # 34 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and reply papers, the Court **GRANTS IN PART** Defendants' motion for attorneys' fees and costs.

I.   Background

This is a products liability case arising out of a 2018 surgery performed using robotic surgical equipment manufactured and sold by Defendants. *See generally Complaint*, Dkt. # 1-2 ("*Compl.*"). Since the surgery, Plaintiff has experienced severe neurological and vascular injuries, organ damage, and chronic pain. *Id.* ¶ 11.

In February 2020, Plaintiff brought a medical malpractice action against the physician who performed her surgery. *See Opp.* 7:25–28. A few months later, Plaintiff sued Defendants in California state court, bringing individual claims for (1) negligence – products liability and (2) general negligence and negligent training, proctoring, and certification, as well as (3) a putative class claim for unfair business practices under California Business & Professions Code §§ 17200, et seq. *See generally Compl.* Defendants then removed the case to this Court. *See generally* Dkt. # 1.

In April 2021, the Court entered a scheduling order, setting, among other dates, (1) fact discovery cut-off on February 24, 2022; (2) the deadline for opening expert witness disclosures

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

on March 3, 2022; (3) expert discovery cut-off on April 21, 2022; (4) the final pretrial conference for May 13, 2022; and (5) a jury trial for June 2, 2022.  *See generally* Dkt. # 14 ("*Sched. Order*").  In January 2022, the parties filed stipulations to stay the case to enable Plaintiff to first pursue discovery in her related medical malpractice action, *see generally* Dkts. # 17, 19, which the Court denied, *see generally* Dkts. # 20–21.  On March 31, Plaintiff filed a motion to continue the trial date to December 2, 2022, *see generally* Dkt. # 22, which Defendants opposed, *see generally* Dkt. # 23.[1]  Plaintiff's motion to continue the trial date was then stricken because it was set for hearing on a closed hearing date.  *See generally* Dkt. # 24.  It was never refiled.

On May 6, Plaintiff filed a "statement and proposed pre-trial order" asking the Court to reopen discovery and continue the trial date because her unnamed experts apparently needed more time to review discovery produced in the related medical malpractice action.  *See generally* Dkt. # 26.  The Court then issued an order noting that (1) the parties had failed to file their memoranda of contentions of fact and law, witness lists, or a joint exhibit list by the deadlines set by the Local Rules and this Court's Jury Trial Order and (2) Plaintiff's pretrial statement failed to acknowledge or explain the delay.  *See generally* Dkt. # 27 ("*OSC*").  The Court set an order to show cause hearing on May 13, 2022 as to why the case should not be dismissed for failure to prosecute and failure to comply with the Local Rules.  *See generally id.*

Plaintiff's counsel Daniel J. Cheren ("Plaintiff's counsel") did not appear at the order to show cause ("OSC") hearing.  *See* Dkt. # 28.  Gregory Hull ("Hull") appeared on behalf of Defendants and indicated that he "[had] not heard a thing from [P]laintiff's counsel."  *Order to Show Cause Hearing Transcript*, Dkt. # 32 ("*OSC Hearing Transcript*"), 2:11–12.  The Court dismissed the case for failure to prosecute.  *See id.* 2:21–22; Dkt. # 28.  Hull also noted the costs his clients had incurred related to his travel and appearance at the hearing and made an oral request for sanctions, and the Court invited Defendants to file a written motion for attorneys' fees.  *See OSC Hearing Transcript* 3:2–14; Dkt. # 28.

Defendants now move for $31,995.42 in attorneys' fees and costs incurred since the Court's January 2022 denial of the parties' stipulations to stay.  *See generally Mot.*

---

[1] Defendants stated that, while they had proceeded to serve written discovery requests on Plaintiff and made timely opening expert witness disclosures in light of the Court's denial of the stipulations to stay the case, Plaintiff had failed to serve any written discovery requests on Defendants, notice any depositions, or make expert disclosures.  *See generally* Dkt. # 23; *see also Declaration of Gregory D. Hull in Support of Defendants' Opposition to Plaintiff's Motion for Continuance of Trial*, Dkt. # 23-1, ¶¶ 2, 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

II.     Legal Standard

Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Ordinarily, the prevailing party in a lawsuit does not collect fees absent contractual or statutory authorization. *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983).

However, Federal Rule of Civil Procedure 16(f) allows courts to impose sanctions—including an award of attorneys' fees and costs—when a party or its attorney "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." *See* Fed. R. Civ. P. 16(f)(1)(A), (f)(1)(C); *see also id.* 16(f)(2). "[T]he court must order the party, its attorney, or both to pay" the fees and costs incurred "because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.* 16(f)(2). An award of sanctions under Rule 16(f) is within the district court's discretion. *Ayers v. City of Richmond*, 895 F.2d 1267, 1269 (9th Cir. 1990).

Additionally, federal courts have "inherent power" and broad discretion to award attorneys' fees as sanctions against a party or attorney "who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)). Before doing so, the court must expressly find "that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Id.* (quoting *Batarse*, 115 F.3d at 648). A party may show bad faith by "delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (citation omitted) (stating that fees may also be imposed for "willful disobedience of a court's orders"); *Leon*, 464 F.3d at 961 (quoting *Batarse*, 115 F.3d at 649).

Upon determining that a fee award is in order, the court must ensure that the requested fees are reasonable. *See Hensley*, 461 U.S. at 433–34; *see also Leon*, 464 F.3d at 961 (noting that the amount of monetary sanctions awarded under a court's inherent power must be reasonable). Reasonableness is generally determined using the "lodestar" method, which multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted); *Hensley*, 461 U.S. at 433. The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622–23 (9th Cir. 1983). "The party opposing the fee application has a burden of rebuttal that requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

III.   Discussion

The Court addresses in turn (A) Plaintiff's late-filed opposition, (B) whether Plaintiff's counsel's conduct justifies a sanction of attorneys' fees and costs, and (C) the reasonableness of Defendants' requested fees and costs.

A.   Plaintiff's Belated Opposition

Defendants' motion was set for hearing on August 5, 2022. *See generally Mot.* Plaintiff was required to oppose the motion by July 15, 2022. *See* L.R. 7-9 (requiring an opposition to be filed 21 days before the hearing on the motion). Plaintiff's counsel did not file an opposition until July 19. *See generally Opp.* Pursuant to Local Rule 7-12, the Court may deem this failure to file a timely opposition as consent to granting Defendants' motion and decline to consider the belated opposition. Defendants urge the Court to do so. *Reply* 2:6–22.

This is not the first time Plaintiff's counsel has failed to comply with the deadlines set by the Local Rules or this Court. In fact, Plaintiff's counsel's repeated disregard for such deadlines resulted in the dismissal of this action for failure to prosecute. *See generally OSC* (noting Plaintiff's failure to file a memorandum of contentions of fact and law, among other pretrial documents, and setting an OSC hearing); *OSC Hearing Transcript* (dismissing case in light of Plaintiff's counsel's failure to appear at the OSC hearing); *see also Declaration of Gregory D. Hull in Support of Defendants' Motion for Fees and Costs*, Dkt. # 29-1 ("*Hull Fees Decl.*"), ¶¶ 5–6 (declaring that Plaintiff failed to serve timely responses to Defendants' interrogatories and failed to disclose an expert by the March 3, 2022 deadline set forth in the scheduling order or at any point since then); Dkt. # 26 (Plaintiff's pretrial statement filed on May 6 stating she had retained unnamed experts).

Although Plaintiff's opposition rehashes many of the same arguments raised in her stricken motion for a continuance, *see generally* Dkt. # 22, and pretrial statement, *see generally* Dkt. # 26, Plaintiff's counsel offers no explanation for failing to comply with the deadline for filing the opposition, *see generally Opp.* In light of Plaintiff's counsel's repeated disregard for the Court's deadlines, the Court declines to consider Plaintiff's untimely opposition and treats the failure to file a timely opposition as consent to granting Defendants' motion. *See* L.R. 7-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

The Court nevertheless proceeds to explain why Defendants are entitled to a fee award and to consider whether the requested fees and costs are reasonable.

B.       Whether Plaintiff's Counsel's Conduct Justifies a Fee Award as a Sanction

Defendants ask the Court to award attorneys' fees and costs as a sanction for Plaintiff's behavior under Federal Rule of Civil Procedure 16(f) and the Court's inherent power to sanction bad faith conduct. *See generally Mot.* The Court finds that an award of certain attorneys' fees and costs is justified as a sanction against Plaintiff's counsel.

Some of the fees and costs requested by Defendants are justified as a sanction under Rule 16(f). *See* Fed. R. Civ. P. 16(f) (authorizing the imposition of fees and costs as a sanction when a party or its attorney "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order" unless the non-compliance was substantially justified or awarding such expenses would be unjust). As described above, Plaintiff's counsel failed to appear at the pretrial conference and OSC hearing on May 13, 2022. *See* Dkt. # 28. As Hull stated then and now declares, he received no notice from Plaintiff's counsel that he did not intend to appear. *See OSC Hearing Transcript* 2:11–12; *Hull Fees Decl.* ¶¶ 8, 11. The Court finds that this justifies an award of Hull's travel costs and time spent traveling to and attending the hearing under Rule 16(f), along with the fees for the work performed in drafting the instant motion, which arose out of Plaintiff's counsel's failure to appear at the OSC hearing. The Court also finds that such an award is just and that Plaintiff's counsel has not substantially justified his failure to appear without notice.

Since January 2022, Plaintiff's counsel has also repeatedly failed to abide by the deadlines in the Court's scheduling order. *See Sched. Order*; *Hull Fees Decl.* ¶¶ 5–6. However, the Court declines to award monetary sanctions for this conduct. Although Plaintiff's counsel's disregard for the deadlines imposed by this Court and the Local Rules was unjustified and resulted in the dismissal of Plaintiff's case for failure to prosecute, the Court does not find this conduct rises to the level of bad faith required to impose monetary sanctions under the Court's inherent power. Additionally, given that the Court has already dismissed Plaintiff's case for failure to prosecute, the Court finds that a further monetary sanction of more than $20,000 under Rule 16(f) would be unjust. *See generally OSC Hearing Transcript*; Dkt. # 28. The Court thus declines to exercise its discretion to award additional sanctions under either Rule 16(f) or the Court's inherent power for fees and costs incurred before Plaintiff's counsel failed to appear at the OSC hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

In sum, the Court finds that an award of attorneys' fees and costs related to Defendants' counsel appearing at the OSC hearing and drafting the instant motion is justified as a sanction against Plaintiff's counsel under Rule 16(f). *See Ayers*, 895 F.2d at 1269–70 (affirming award of sanctions against attorney who failed to appear at pretrial conference) ("Rule 16(f) provides that if a party's attorney fails to appear, the court may make such orders as are just, including requiring the attorney to pay the reasonable expenses incurred because of his noncompliance."). The Court awards these sanctions against Plaintiff's counsel, rather than Plaintiff, because the Court finds that Plaintiff's counsel is responsible for failing to appear at the OSC hearing—which Plaintiff herself was not required to attend—without providing notice. *See Martin Fam. Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 & n.4 (E.D. Cal. 1999) (sanctioning plaintiff's counsel under Rule 16(f) for his unjustified failure to comply with the court's order setting a status conference) (quoting *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) (en banc) ("If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged.")); *cf. Leon*, 464 F.3d at 961 (affirming award of monetary sanctions against the plaintiff, where the district court found that the plaintiff himself acted in bad faith by destroying relevant evidence).

C.    Reasonableness of Proposed Fee Award

The Court next considers the reasonableness of the requested (i) fees and (ii) costs.

i.    *Reasonableness of Requested Fees*

Defendants request an award of $28,061.10 in attorneys' fees incurred since the Court's January 2022 denial of the stipulations to stay. *See generally Mot.*;[2] *see also Hull Fees Decl.* ¶¶ 9–16 & Ex. A; *Declaration of Emily Reitmeier*, Dkt. # 29-2 ("*Reitmeier Decl.*"), ¶¶ 1–10 & Ex. A.

Courts determine the reasonableness of a fee award by calculating the lodestar figure. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar figure is determined by multiplying the number of hours reasonably spent on the litigation by a reasonable rate. *Id.* (citing Hensley, 461 U.S. at 433). The Court has broken down Defendants' proposed $28,061.10 lodestar figure in the table below:

---

[2] Defendants also state that they intend to seek additional fees and costs related to finalizing the instant motion, replying to any opposition filed, and attending any hearing on the motion. *Mot.* 10:11 n.1. The Court addresses this request below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | | | Date | August 1, 2022 | |
|---|---|---|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | | | | |

| **Law Offices of Greg D. Hull** | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | **Title** | **Experience** | **Hours** | **Hourly Rate** | **Total Fee** | |
| Gregory Hull | Partner | 50 years | 31.4 | $600 | $18,840 | |
| **Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden")** | | | | | | |
| **Name** | **Title** | **Experience** | **Hours** | **Hourly Rate** | **Total Fee** | |
| Emily Reitmeier | Counsel | 15 years | 7.9 | $919.80 | $7,266.42 | |
| B.S. Travaglini | Legal Assistant | N/A | 3.6 | $344.40 | $1,239.84 | |
| K.L. Creitz | Legal Assistant | N/A | 3.7 | $193.20 | $714.84 | |
| **Totals** | **N/A** | **N/A** | **46.6** | **N/A** | **$28,061.10** | |

The Court addresses in turn (a) whether these rates are reasonable, (b) whether these hours are reasonable, and (c) what, if any, adjustments need to be made.

*a.     Reasonable Rates*

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, CV 10-8593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Here, Defendants seek an hourly rate of $600 for Hull and $919.80 for Emily Reitmeier ("Reitmeier"). *See Hull Fees Decl.* ¶ 9 & Ex. A; *Reitmeier Decl.* ¶ 2 & Ex. A. These rates are supported by the declarations of Hull and Reitmeier, which describe each attorney's experience. *See Hull Fees Decl.* ¶ 9; *Reitmeier Decl.* ¶¶ 1–2. To support the reasonableness of their requested rates, Defendants point to (1) their counsel's customary billing rates—$600 for Hull and $1,410 for Reitmeier; (2) a 2020 survey on partner compensation; and (3) cases approving similar rates, albeit in different kinds of litigation. *See Mot.* 12:3–13:6 & 13 n.2; *Reitmeier Decl.* ¶ 2. However, the Court prefers to rely on the Real Rate Report as "a much better reflection of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

true market rates than self-reported rates in all practice areas." *See Rolex Watch USA Inc. v. Zeotec Diamonds Inc.*, No. CV 02-1089 PSG (VBKx), 2021 WL 4786889, at *3 (C.D. Cal. Aug. 24, 2021) (quoting *Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13- 1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014)); *Gilliam v. Levine*, No. CV 18-2580 PSG (MRWx), 2022 WL 401462, at *5 (C.D. Cal. Jan. 25, 2022). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies. *See Hicks*, 2014 WL 4670896, at *1.

The 2021 Real Rate Report classifies product liability litigation as "General Liability" litigation. *See 2021 Real Rate Report, The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("*Real Rate Report*") at 239. In Los Angeles, hourly rates for general litigation range from $304 to $965 for partners and $287 to $719 for associates, with median rates of $638 for partners and $475 for associates. *Id.* at 138.[3] Accordingly, the Court accepts Hull's requested rate of $600 as within the reasonable rate charged in the relevant community. However, Reitmeier's rate of $919.80 appears higher than those of her counterparts in this community. Considering her 15 years of experience as an attorney, the Court adjusts Reitmeier's rate to $750.

Additionally, Defendants seek the following hourly rates for work performed by legal assistants: (1) $344.40 for B.S. Travaglini ("Travaglini"), and (2) $193.20 for K.L. Creitz ("Creitz"). *See Reitmeier Decl.* ¶ 4 & Ex. A. However, because the Court declines to award fees for the work performed by Travaglini or Creitz, as described below, the Court need not determine the reasonableness of these requested rates.

Having considered Defendants' attorneys' experience and the prevailing rates in the relevant community for comparable work, the Court approves as reasonable Hull's rate of $600 and reduces Reitmeier's rate to $750.

---

[3] Although Defendants suggest that the relevant community is the San Francisco Bay Area, where Defendants' counsel work, *see Mot.* 12:16–27, the relevant community for purposes of the lodestar analysis is the community in which the court sits, *see Schwarz*, 73 F.3d at 906. Accordingly, the Court applies the Los Angeles rates, which are higher than those for San Francisco. *See Real Rate Report 2021* at 139 (listing median hourly rate for general litigation in San Francisco as $353 for partners and $314 for associates).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | | Date | August 1, 2022 |
|---|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | | |

b.    *Reasonable Hours*

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1107 (9th Cir. 2015) (quoting *Gates*, 987 F.2d at 1397). "The district court . . . should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (cleaned up). Hours not reasonably expended are those that are "excessive, redundant, or otherwise unnecessary." *Id.* A district court may reduce hours by either conducting an hour-by-hour analysis or by making an across-the-board percentage cut. *See $28,000.00 in U.S. Currency*, 802 F.3d at 1106.

Here, Defendants seek fees for 39.3 hours of attorney work and 7.3 hours of legal assistant work performed as of January 2022. This includes time spent (1) conducting discovery, including engaging and working with an expert; (2) communicating with co-counsel and Plaintiff's counsel about the status of the case; (3) opposing Plaintiff's motion to continue trial; (4) preparing a pretrial statement and proposed pretrial conference order; (5) legal research and cite checking; (6) traveling to and attending the OSC hearing; and (7) drafting the instant motion. *See Hull Fees Decl.* ¶¶ 8, 10 & Ex. A; *Reitmeier Decl.* ¶¶ 3–5 & Ex. A.

As described above, the Court awards fees for Defendants' counsel's time spent traveling to and attending the OSC hearing and filing the instant motion. This amounts to 7 hours of work by Hull and 3.3 hours of work by Reitmeier. The Court has reviewed these hours and finds it reasonable to award fees for such work as sanctions for Plaintiff's counsel's failure to appear at the OSC hearing without notice. The remainder of the hours worked by Hull and Reitmeier, as well as the hours worked by Travaglini and Creitz, fall outside the scope of the Court's sanction for Plaintiff's counsel's failure to appear at the OSC hearing.

Finally, Defendants say that they reserve their right to ask for additional fees and costs related to finalizing the instant motion, drafting a reply brief, and attending any hearing on the motion. *Mot.* 10:11 n.1; *see also Hull Fees Decl.* ¶ 16; *Reitmeier Decl.* ¶ 10. Yet, Defendants did not file an additional declaration and billing records along with their reply brief to specify the additional fees and costs incurred. Nor did the Court hold a hearing on the instant motion. As such, the Court declines to award additional fees or costs for failure to present satisfactory evidence. *See Schonbrun v. SNAP, Inc.*, No. CV 21-7189 PSG (MRWx), 2022 WL 2903127, at *6 (C.D. Cal. May 17, 2022) (discounting fees for anticipated hours to finalize attorneys' fees motion and prepare a reply brief because, as of the filing of the reply brief, the time spent on these tasks "would have been clear and thus should have been fully reflected either in actual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

billing records or a detailed declaration" but were not); *$28,00,00.00 in U.S. Currency*, 802 F.3d at 1107.

        *c.*    *Final Adjustments*

    The Court adjusts Defendants' requested attorneys' fees as follows: the Court (1) reduces Reitmeier's hourly rate to $750 and discounts (2) 24.4 hours from Hull's total hours; (3) 4.6 hours from Reitmeier's total hours; (4) all 3.6 hours worked by Travaglini; and (5) all 3.7 hours worked by Creitz.  Accordingly, the adjusted fee award is $6,675.00, as detailed in the table below:

| Name | Adjusted Hours | Adjusted Rate | Adjusted Total Fee |
|---|---|---|---|
| Gregory Hull | 7 | $600 | $4,200 |
| Emily Reitmeier | 3.3 | $750 | $2,475 |
| B.S. Travaglini | 0 | N/A | $0 |
| K.L. Creitz | 0 | N/A | $0 |
| **Totals** | **10.3** | **N/A** | **$6,675.00** |

    Therefore, the Court **AWARDS** Defendants **<u>$6,675.00</u>** in attorneys' fees as a sanction against Plaintiff's counsel under Rule 16(f).

        *ii.*    *Reasonableness of Requested Costs*

    Defendants also seek recovery of $3,934.32 in costs incurred since January 2022.  *See generally Mot.*; *Hull Fees Decl.* ¶¶ & Exs. B–C; *Reitmeier Decl.* ¶¶ 5–6 & Ex. A.  This includes (1) $589.96 in costs for a flight to attend the May 13 pretrial conference and OSC hearing; (2) $1,080 in expert costs; (3) $2,260.80 in legal research fees; and (4) $3.56 in teleconference service fees.  *See Hull Fees Decl.* ¶¶ 14–15 & Exs. B–C; *Reitmeier Decl.* ¶¶ 5–6 & Ex. A.  These costs are supported by sufficient evidence.  However, as described above, the Court finds it reasonable to award only the costs related to defense counsel's travel to the OSC hearing and filing of the instant motion.  Thus, the Court discounts the $1,080 in expert costs.  The Court also discounts the $2,260.80 in legal research fees and the $3.56 in teleconference service fees as falling under Skadden's overhead costs and therefore reflected in the firm's hourly rates.  *Cf.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-677 PSG (SKx) | Date | August 1, 2022 |
|---|---|---|---|
| Title | Victoria Barzilli, et al. v. Intuitive Surgical, Inc. et al | | |

*Gilliam v. Levine*, No. CV 18-2580 PSG (MRWx), 2022 WL 401462, at *5 (C.D. Cal. Jan. 25, 2022) (declining to award fees for clerical work "considered part of a firm's overhead").

Although costs related to legal research may be recovered when counsel shows that it is standard practice to pass such costs along to clients, rather than being considered overhead factored into attorney billing rates, Defendants have not made such a showing here. *See Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co., Ltd.*, No. CV 12–6972 FMO (JEMx), 2015 WL 12732433, at *46 (C.D. Cal. Dec. 14, 2015) (excluding as overhead legal research costs from monetary sanction for bad faith conduct because plaintiffs failed to indicate whether and at what rate they usually billed clients for online legal research); *Cilluffo v. Central Refrigerated Servs., Inc.*, ED 12-cv-00886 VAP (OPx), 2018 WL 11374960, at *9 (C.D. Cal. Apr. 3, 2018) (excluding costs for online legal research where there was insufficient "assurance that these charges are customarily charged to paying clients rather than being subsumed into Plaintiff's counsel's overhead"); *cf. Downey Surgical Clinic, Inc. v. Optuminsight, Inc.*, No. CV09-5457 PSG (JCx), 2016 WL 5938722, at *14 (C.D. Cal. May 16, 2016) (awarding costs for legal research fees because class counsel sufficiently explained that it was standard practice to pass such costs along to paying clients, that their billing rates reflected as much, and thus that the research fees should not be considered a part of their overhead). Furthermore, counsel fails to tether these legal research costs to any specific work done in this case. *See Reitmeier Decl.* ¶ 5 ("I conducted some legal research relating to this case."); *id.* Ex. A at 7 (reflecting a bill for "computer legal research" without further detail). As a result, even if the Court were inclined to award some legal research costs here, the Court is unable to discern what portion of the legal research costs were incurred in relation to this motion rather than other work performed before the OSC hearing.

The Court accordingly **AWARDS** Defendants **$589.96** in costs as a sanction against Plaintiff's counsel.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion for fees and costs. The Court **AWARDS** Defendants **$7,264.96** in reasonable attorneys' fees and costs as a sanction against Plaintiff's counsel, Daniel J. Cheren, for his failure to appear at the OSC hearing without notice. This sanction is personal to Plaintiff's counsel, is to be borne by him personally, and is not to be transmitted to his client by way of a charge of attorneys' fees and/or costs.

**IT IS SO ORDERED.**